**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

Dana L. ABELL                                                PETITIONER

v.                                                CIVIL ACTION NO. 3:18-CV-532-CRS

DEPARTMENT OF VETERANS AFFAIRS                      RESPONDENT

**MEMORANDUM OPINION**

I.     Introduction

On August 17, 2018, this Court ordered the parties to submit simultaneous briefs addressing whether the petition for review is time-barred and subject to dismissal. DN 5. Respondent responded on September 7, 2018. DN 6. Petitioner did not respond. This matter is now ripe for review. For the following reasons, the Court finds the petition to be time-barred, dismisses the petition, and certifies that any appeal would not be taken in good faith. As a result, the Court further denies the Petitioner's motion to proceed *in forma pauperis* as moot.

II.     Background

Petitioner Dana L. Abell was hired by the Respondent Department of Veterans Affairs (VA) on July 31, 2011.[1] DN 3, p. 4. During her employment, Abell was granted leave under the Family and Medical Leave Act three times for issues relating to pregnancy, maternity leave, and medication she was taking. DN 3, p. 5. She quickly utilized all the time she was granted. DN 3, p. 5. As an accommodation, the VA approved her request to take leave without pay. DN 3, p. 5–6. Abell was cleared to return to work on April 4, 2016, but never did. DN 3, p. 6. The VA notified Abell that she was acting without official leave and, on April 25, 2016, she was officially reprimanded. DN 3, p. 6. On December 9, 2016, Abell was removed from her position.

---

[1] Since Abell did not respond to the Court's order, the facts are presented as stated in the MSPB's decision. DN 3, p. 3–23.

DN 3, p. 6. In making that decision, the VA cited 79 instances of her unauthorized absence. DN 3, p. 6.

Abell filed complaints with the Equal Employment Opportunity Commission and the Merit Systems Protection Board (MSPB), alleging that the VA had taken improper personnel action against her and that such action was discriminatory on the basis of gender and pregnancy-related disability. DN 3, p. 10, 14. Both agencies found no evidence of wrongdoing. DN 3, p. 10, 14. The MSPB's order became final on March 6, 2018. DN 3, p. 16. On April 30, 2018, Abell filed a petition for review against the VA with the United States Court of Appeals for the Federal Circuit, along with a motion to proceed *in forma pauperis*. DN 3, p. 2; DN 4. That court transferred the case to this Court upon finding that it lacked jurisdiction over Abell's "mixed" petition. DN 1.

### III. Discussion

Normally, a final MSPB decision must be appealed to the U.S. Court of Appeals for the Federal Circuit within sixty days of the decision becoming final. 5 U.S.C. § 7703(b)(1)(A). However, there are two exceptions. The first applies to "mixed cases" where "an employee complains of a personnel action serious enough to appeal to the MSPB *and* alleges that the action was based on discrimination." *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012) (italics in original). *See* 5 U.S.C. § 7703(b)(2). Those cases must be filed with the appropriate district court within 30 days after the MSPB decision becomes final. *Id.* The second requires pure whistleblower claims to be filed in any court of appeals with competent jurisdiction within 60 days. 5 U.S.C. § 7703(b)(1)(B).

Here, Abell's claim is a "mixed" claim falling under § 7703(b)(2). This is clearly evidenced by the way she filed her petition and her arguments at the MSPB and the Federal

2

Circuit. In cases involving a petition for review of a final decision of the MSPB, the Federal Circuit utilizes a form styled "Petitioner's Fed. Cir. R. 15(c) Statement Concerning Discrimination." In Section A of the form, the petitioner is asked to indicate by checking a box if she was not making a claim of discrimination by reason of race, sex, age, national origin, or handicapped condition (Box 1); or if she was abandoning such a claim (Box 2). On Abell's form, Section A contains no checked boxes, indicating she was making a discrimination claim and did not wish to abandon it. Fed. Cir. DN 3. At the MSPB, she alleged that "the agency created a hostile work environment that resulted in her absences from work." DN 3, p. 9. Then, on petition for review, the Federal Circuit noted that Abell "asserted affirmative defenses of gender and pregnancy-related discrimination" and, in informal briefing to that court, had "advance[d] her discrimination claim." DN 1, p. 1–2.

Since the petition is a "mixed" petition falling under § 7703(b)(2), Abell had 30 days to file in the appropriate district. These time limits are mandatory, jurisdictional, and not subject to equitable tolling. *Hilliard v. U.S. Postal Serv.*, 814 F.2d 325, 327 (6th Cir. 1987) ("the 30 day limitations period for filing an appeal under 5 U.S.C. § 7703(b)(2) is a jurisdictional prerequisite to judicial review of an MSPB decision and cannot be extended"); *Johnson v. U.S. Postal Serv.*, 64 F.3d 233, 238 (6th Cir. 1995) ("the doctrine of equitable tolling does not apply to Section 7703(b)(2).").[2] The order of the MSPB became final on March 6, 2018 and the appeal to the

---

[2] There is a circuit split on the issue of whether the time limits in 5 U.S.C. § 7703(b)(2) are jurisdictional. A majority of circuits have found that the time limits are not jurisdictional and can be subject to equitable tolling following the Supreme Court's decision in *Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990). *See e.g. Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002); *Blaney v. United States*, 34 F.3d 509, 512–13 (7th Cir. 1994); *Nunnally v. MacCausland*, 996 F.2d 1, 4 (1st Cir. 1993); *Williams–Scaife v. Dep't of Def. Dependent Sch.*, 925 F.2d 346, 348 (9th Cir. 1991). However, the Sixth Circuit has clearly held that "*Hilliard* is the controlling law in this circuit and it was not overruled by the Supreme Court in *Irwin*." *Dean v. Veterans Admin. Regional Office*, 943 F.2d 667 (6th Cir. 1991).

Federal Circuit was not filed until April 30, 2018, 25 days after it was due.[3] The petition is, therefore, untimely.

IV. Conclusion

The petition filed by Abell is untimely and, as a result, this Court lacks jurisdiction. Therefore, the Court will dismiss the petition. As a result of the dismissal, the Court further denies the Petitioner's motion to proceed *in forma pauperis* as moot. The same reasons that cause this Court to dismiss the case also compel the Court to find that an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

A separate order will be entered in accordance with this opinion.

September 18, 2018

Charles R. Simpson III, Senior Judge
United States District Court

---

[3] Under the transfer statute, this Court would consider the petition filed on the day it was filed in the Federal Circuit, despite the lack of jurisdiction in that court. 28 U.S.C. § 1631.